IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES *ex rel.* TIMOTHY
SCHNUPP

    *Relator*

    v.

BLAIR PHARMACY, INC., *et al.*,

    *Defendants.*

Civil Action No. ELH-17-2335

**MEMORANDUM**

Relator Timothy Schnupp, on behalf of the United States, has filed suit against defendants Blair Pharmacy, Inc. and Matthew Blair under the False Claims Act, 31 U.S.C. § 3729 *et seq*. ECF 1 (the "Complaint"); ECF 30 (the "Amended Complaint").[1] Relator has moved for partial summary judgment, pursuant to Fed. R. Civ. P. 56(a). ECF 57 (the "Motion"). Defendants oppose the Motion (ECF 65, the "Opposition"), supported by thirteen exhibits. ECF 65-1 to ECF 65-13.

Defendants have moved to seal six of the exhibits. ECF 66 (the "Sealing Motion"). In particular, the Sealing Motion states, *id*. at ¶ 7 (alterations added) (emphasis in original):

> [T]he Opposition cites to the following Exhibits that either were made available to Defendants as part of [Blair's] Criminal Proceeding [*United States v. Matthew Blair*, ELH-19-410] or contain confidential information related to the Criminal Proceeding:
>     a. **Exhibit G** [ECF 67-1], Nov. 8, 2018, FBI Interview of Quinn.
>     b. **Exhibit H** [ECF 67-2], Oct. 2, 2017, FBI Interview of Schnupp.
>     c. **Exhibit I** [ECF 67-3], [Blair's] Rule 56(d) Declaration
>     d. **Exhibit K** [ECF 67-4], SA W. Thomas Aff. in Support of Search Warrant.
>     e. **Exhibit L** [ECF 67-5], SA E. Choi Aff. in Support of Search Warrant.
>     f. **Exhibit M** [ECF 67-6], June 20, 2016 FBI Report

---

[1] The Complaint was originally filed under seal in August 2017. ECF 1. In May 2022, the United States notified the Court that it has declined to intervene in the action. ECF 28. Thereafter, the Complaint was unsealed (ECF 29), the Amended Complaint was filed (ECF 30), and defendants were served. ECF 32; ECF 33.

The exhibits are subject to an Amended Protective Order in the criminal case, *United States v. Matthew Blair*, ELH-19-410.  *See* ECF 172 (the "Protective Order").  Notably, Section II(4) of the Protective Order, titled "Use and Disclosure of Protected Information and Materials," states, *id.* at 3:

> The Parties may use these documents only for purposes of the current litigation, and may disclose them to non-parties to this litigation only as needed for the litigation.  Counsel for the Parties must secure the protected information in a manner where it would not be available to anyone outside of the government or defense counsel's office.

The common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *In re United States for an Order pursuant to 18 U.S.C. § 2603(D)*, 707 F.3d 283, 290 (4th Cir. 2013); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) (plurality opinion) ("[H]istorically both civil and criminal trials have been presumptively open.").  However, the common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

The common law right of access is buttressed by a "more rigorous" right of access under the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253.  If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md.*

*Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

In addition to the common law and the First Amendment, the Local Rules provide a complementary layer of protection for the public interest in disclosure and access. Local Rule 105.11 requires a party seeking to seal documents to provide the court with "(a) proposed reasons supported by factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

The First Amendment "right of access attaches to documents and materials filed in connection with a summary judgment motion." *Doe*, 749 F.3d at 267 (citing *Rushford*, 846 F.2d at 253). Accordingly, the more expansive First Amendment right of public access attaches to the exhibits submitted with the Opposition. ECF 65.

Notably, a party does not have the right to require the court to seal judicial records. *See Rushford*, 846 F.2d at 254 ("The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents."). In other words, the parties cannot justify a sealing request merely because they have designated an exhibit as confidential under a protective order. Additionally, the mere fact that records may be controversial, personal, or embarrassing does not alone justify barring those records from public inspection. *See, e.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

"When presented with a sealing request," the "right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document,

because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (quoting *Stone*, 855 F.2d at 181). In other words, just as a party must furnish the court with concrete reasons for a sealing request, a court must address the specific justifications for a sealing order.

"To seal a document, the district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing." *Gonzalez*, 985 F.3d at 376 (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

In my view, defendants have not adequately explained why alternatives to sealing, such as redacting sensitive information, are not sufficient. In fact, defendants state that, "[i]n an abundance of caution, the sealed records were redacted to protect the identity of other potential targets and persons of interest." ECF 66 at 3 n.1. And, with the redactions, the exhibits do not appear to contain any information that is so sensitive or otherwise personal as to require their sealing. *See Visual Mining, Inc. v. Ziegler*, PWG-12-3227, 2014 WL 690905, at *5 (D. Md. Feb. 21, 2014) (denying a motion to seal when the only justification was that the documents are "confidential" under a court-approved protective order); *Under Armour, Inc. v. Body Armor Nutrition, LLC*, JKB-12-1283, 2013 WL5375444, at *9 (D. Md. Aug. 23, 2013) (denying motions to seal where "[t]he parties . . . provided only the barest support for the motions to seal, usually relying on the protective order issued in th[e] case" and failed to "provide 'specific factual representations' to justify their arguments"); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 n.18 (D. Md. 2012) ("In their motion to seal, defendants state only that they seek to seal the exhibits pursuant to the

confidentially order, an explanation insufficient to satisfy the 'specific factual representations' that Local Rule 105.11 requires.").

Accordingly, I shall deny the Sealing Motion, without prejudice to the right of any party to renew the motion within fourteen days of the date of docketing of the attached Order, in compliance with Local Rule 105.11.  During this period, the exhibits shall remain sealed.  And, if any party believes that the current redactions of a particular exhibit do not provide sufficient protection as to that exhibit, the party shall, within the time provided, clearly articulate the reasons that justify further redactions or complete sealing.  If no such request is filed, I shall assume the parties do not oppose the unsealing of the redacted exhibits, and I will direct the Clerk to lift the seal.

Additionally, sections in the Opposition (ECF 65) that discuss these exhibits appear to have been redacted.  *See id*. at 12-15, 25, 27, 28, 32.  Until an unredacted version of the Opposition is filed under seal, the Court cannot resolve the Motion.  Therefore, by **April 21, 2023**, defendants shall file the unredacted version of the Opposition, under seal, for *in camera* review.  *See American Piledriving Equipment, Inc. v. Travelers Cas. & Sur. Co. of America*, ELH-11-1404, 2011 WL 5402441, at *4 (D. Md. Nov. 7, 2011).

An Order follows.


Date: April 11, 2023


                                                                                                        _____/s/_____
                                                                                                        Ellen L. Hollander
                                                                                                        United States District Judge