IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES *ex rel.* TIMOTHY SCHNUPP,<br>      *Relator,*<br><br>v.<br><br>BLAIR PHARMACY, *et al.*,<br>      *Defendants*. | Civil No. ELH-17-2335 |

**MEMORANDUM**

In this qui tam action, Timothy Schnupp, the Relator, has sued his former employer, Blair Pharmacy, Inc. ("BPI" or "Blair Pharmacy" or "Pharmacy"), and its director and principal, Matthew Blair ("Mr. Blair") (collectively, "Blair"), pursuant to the False Claims Act ("FCA" or "Act"), 31 U.S.C. §§ 3728 *et seq.* *See* ECF 30 (First Amended Complaint). In May 2022, following a lengthy investigation, the United States declined to intervene in this case. ECF 28. The Complaint was then unsealed (ECF 29) and amended. ECF 30.

The suit contains two counts. Count I asserts false claims under 31 U.S.C. § 3729(a)(1)(A) and Count II asserts false claims under 31 U.S.C. § 3729(a)(1)(B).

Schnupp alleges, *inter alia*, that defendants knowingly submitted false claims to the Medicare Program, 42 U.S.C. § 1395 *et seq.* ("Medicare"), a federally funded health insurance program for people ages 65 and older and for certain people with disabilities (*id.* ¶ 11), and to the Department of Defense TRICARE health insurance program. *Id.* ¶ 20.[1] In particular, the Relator asserts that defendants knowingly submitted false claims to Medicare and TRICARE for certain

---

[1] TRICARE was formerly known as the Civilian Health & Medical Program of the Uniformed Services ("CHAMPUS"). *See* 32 C.F.R. § 199.17.

compound drugs, by substituting a less expensive drug for a more expensive drug; by billing for medication that was not provided; by overcharging for certain medications; and by committing violations of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 13209-7b(b). *See id.* ¶¶ 28–43.

Of relevance here, the claims lodged by the Relator were previously the subject of a federal criminal prosecution of Mr. Blair. *See United States v. Matthew Blair*, ELH-19-410 (D. Md.). Pursuant to a Plea Agreement (*id.*, ECF 181, ECF 181-1), Mr. Blair entered a plea of guilty on December 3, 2021 (*id.*, ECF 178), to Count 31 of the Superseding Indictment (*id.*, ECF 20). That count charged Mr. Blair with Payment of Illegal Remunerations, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). The Plea Agreement included a lengthy "Stipulation of Facts." *See id.*, ECF 181-1. Bahram Alavi and Atlas Group, LLC are referenced in defendant's Plea Agreement as "B.A., the owner of Atlas Group, LLC ('Atlas')." *Id.* at 2.

Sentencing was held on February 10, 2022. *United States v. Matthew Blair*, ELH-19-410 (D. Md.), ECF 188. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), Mr. Blair was sentenced to twelve months and one day of imprisonment. *See id.*, ECF 189 (Judgment).

In this civil case, the Court issued its first Scheduling Order on March 6, 2023. ECF 73. Among other things, the Court set a deadline of April 6, 2023, for motions for joinder of additional parties and for amendment of pleadings. *Id.* at 1.

On April 6, 2023, Blair filed a Third-Party Complaint ("T.P. Complaint") against Bahram Alavi ("Alavi") and Atlas Medical Solutions, LLC, f/k/a Atlas Group, LLC ("Atlas"). ECF 76. The T.P. Complaint contains two counts. Count I asserts "Common Law Indemnification" and Count II asserts "Common Law Contribution." *Id.*, ¶¶ 33–42. It is the T.P. Complaint that is the subject of this Memorandum.

2

Alavi and Atlas have filed a "Motion to Strike or Dismiss the Third-Party Complaint." ECF 102. It is accompanied by a Memorandum (ECF 102-1) (collectively, the "Motion to Strike"). They argue, *inter alia*, that the Court should strike the Third-Party Complaint because Blair failed to comply with Fed. R. Civ. P. 14 and the Court's Scheduling Order (ECF 73), or, alternatively, because the T.P. Complaint fails to state a claim sufficient to satisfy Fed. R. Civ. P. 12(b)(6).

Blair opposes the Motion to Strike. ECF 108 (the "Opposition"). The Opposition includes one exhibit, which is the Distributor Agreement that, according to Blair, outlined the relationship between the parties. ECF 108-1; *see also* ECF 108 at 4–5. On the same day, Blair filed a combined "Motion for Leave to File Third-Party Complaint and for Leave to Amend the Third-Party Complaint." ECF 107 (the "Motion"). Blair explains that defendants seek leave to amend the T.P. Complaint "in order to incorporate the express terms of the Distributor Agreement and to specifically include a claim for contractual indemnification." *Id.* ¶ 12. In response, Alavi and Atlas filed "Third-Party Defendants' Reply in Support of Their Motion to Strike or Dismiss the Third-Party Complaint and Opposition to Third-Party Plaintiffs' Motion for Leave." ECF 112 (the "Reply").

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion to Strike (ECF 102), and I shall grant Blair's Motion (ECF 107), thereby granting leave to file the Third-Party Complaint and leave to amend the Third-Party Complaint.

## I.     Procedural Background

The qui tam suit was filed in 2017. ECF 1. Thereafter, the government investigated the case. Finally, in May 2022, the government declined to intervene. ECF 28. Thereafter, the Complaint was unsealed. ECF 29. And, the suit was amended. ECF 30.

3

A motion to dismiss followed.  ECF 38.  After briefing, which included several extensions to the parties, the Court denied the motion by Memorandum Opinion and Order of December 9, 2022.  ECF 55, ECF 56.

Plaintiff promptly filed a motion for partial summary judgment.  ECF 57. In the meantime, defendants answered the suit on January 25, 2023.  ECF 60.  The summary judgment motion was briefed, and by Memorandum Opinion and Order of May 23, 2023 (ECF 100, ECF 101), I denied that motion.

In the interim, on March 6, 2023, while the summary judgment motion was pending, the Court issued a Scheduling Order.  ECF 73.  As noted, it set a deadline of April 6, 2023, for motions for joinder of parties and to amend the pleadings.  The T.P. Complaint followed one month later, on April 6, 2023.  ECF 76.  However, it was not accompanied by a motion for leave to file it.

Notably, by consent, the Scheduling Order has been extended several times.  *See* ECF 106, ECF 118, ECF 122.  As recently as December 28, 2023, Schnupp and Blair again jointly moved an extension of deadlines.  ECF 121.  They claimed that "several discovery tasks remain outstanding as the parties have yet to obtain certain fact witness depositions, complete written discovery responses, third-party discovery, and responses to Defendants' *Touhy* requests from several Government entities."  *Id.* ¶ 6.  I approved the motion.  ECF 122.

Under the current Scheduling Order (ECF 122), defendants' Rule 26(a)(2) disclosures are due on February 16, 2024.  *Id.* at 2.  And, the discovery deadline is March 6, 2024.  *Id.*

## II.  Discussion

### A.

In the Motion to Strike, Alavi and Atlas ask the Court to strike the Third-Party Complaint (ECF 76) on the ground that Blair failed to comply with Fed. R. Civ. P. 14(a)(1), which provides

4

that "'the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.'" ECF 102-1 at 5 (quoting Fed. R. Civ. P. 14(a)(1)). They also complain that Blair failed to meet the Court's deadline of April 6, 2023, for "moving for leave to join additional parties," because Blair filed the T.P. Complaint, without leave of court. ECF 102-1 at 4 (citing ECF 73, Scheduling Order) (emphasis omitted); *see also* ECF 102-1 at 4, 6–7. In their view, Blair filed the Third-Party Complaint at the "'eleventh-hour,'" in an effort to shift "responsibility" for defendants' liability onto Alavi and Atlas. ECF 102-1 at 2. And, they maintain that the delay is unjustified, given the facts revealed in the criminal prosecution and the unsealing of the civil suit in May 2022. *Id.*

In the Opposition (ECF 108), Blair argues that the filing was timely, and the failure to seek leave of court "was merely a technical oversight that Blair and BPI are prepared to cure[] . . . ." *Id.* at 10. According to Blair, the filing was "not, as Alavi and Atlas suggest, an intentionally brazen act in defiance of this Court's Scheduling Order and the Federal Rules." *Id.* Moreover, Blair characterizes the Motion to Strike as "extreme" and asserts that it "lacks legitimate support." *Id.*

Further, Blair points to the Court's discretionary authority to determine "whether to permit or strike a third-party complaint." *Id.*; *see Nat'l Labor College, Inc. v. Hillier Grp. Architecture New Jersey, Inc.*, DKC-09-1954, 2012 WL 3264959, at *3 (D. Md. Aug. 9, 2012). Blair identifies four factors pertinent to the exercise of discretion under the circumstances attendant here. ECF 108 at 11 (citing *Xquisite Transp., LLC v. Travelers Indem. Co.*, WDQ-08-2905, 2009 WL 3246960, at *2 (D. Md. Oct. 2, 2009)). These factors are, ECF 108 at 11:

> (1) [T]he potential prejudice to the original plaintiffs and/or third-party defendants; (2) whether the third-party defendant unreasonably delayed in bringing the third-party action; (3) whether impleading the third-party would delay or unduly complicate the issues and trial; and (4) whether the third-party complaint is "obviously unmeritorious."

5

In Blair's view, these factors weigh in favor of granting Blair leave to file the T.P. Complaint in the first instance, and leave to amend it, for the following reasons, *id.* at 3:

> (1) [T]here has been no showing of prejudice to any party; (2) the Third-Party Complaint was filed within the deadline specified in the Court's original Scheduling Order; (3) the Third-Party Complaint will not delay or complicate the proceedings in any way; and (4) the Third-Party Complaint contains meritorious claims.

Blair expands on each factor. *Id.* at 11. First, Blair explains that Alavi and Atlas do not address the issue of prejudice, which is "noticeably absent from Atlas and Alavi's unnecessarily aggressively worded Motion . . . ." *Id.* Moreover, Blair notes that "Schnupp has not objected to the Third-Party Complaint, and Alavi and Atlas's justification for striking the pleading is purely technical." *Id.* And, Blair argues that, as the parties are in the preliminary stages of discovery, "Atlas and Alavi will incur little difficulty or cost getting up to speed on the matter." *Id.*

Additionally, although Blair failed to seek leave of Court to file the T.P. Complaint, Blair emphasizes that the T.P. Complaint was nonetheless filed "*within the time allotted by the Court* pursuant to its March 6, 2023 Scheduling Order." *Id.* at 12 (emphasis in original). Further, Blair observes that "the Motion [to Strike] makes no attempt to argue that impleading Alavi and Atlas would cause 'delay and inefficiencies' at trial," an argument which "would be particularly unpersuasive here given that the majority of this case has been spent litigating dispositive motions and the parties (including Schnupp) just jointly requested and obtained a five-month extension of the Court's Scheduling Order." *Id.*; *see* ECF 106. And, Blair maintains that indemnification claims tend not to "'complicate matters at trial because those third-party claims typically involve the same factual circumstances as the underlying complaint.'" ECF 108 at 12 (quoting *Campbell v. N.J. Transit Rail Operations, Inc.*, 17-5250-JXN, 2021 WL 5413983, at *3 (D.N.J. Nov. 18, 2021)).

6

According to Blair, "judicial economy favors allowing the claims against Atlas and Alavi to go forward" because, if leave to file the T.P. Complaint is denied, "BPI and Blair would seek the exact same relief via a separate lawsuit, thereby resulting in a waste of judicial resources." *Id.* at 13. And, Blair argues that defendants "have stated viable and cogent claims against Atlas and Alavi for both indemnification and contribution," as "[t]he facts clearly establish that Atlas and Alavi were active participants in the alleged fraudulent referral network underlying the qui tam complaint" and that they "unlawfully remain in possession of approximately $2.5 million of funds fraudulently taken from the Government." *Id.*

In Blair's Motion (ECF 107), Blair advances arguments similar to those presented in the Opposition. Blair reiterates that, "[a]side from the technical impropriety of the filing, Atlas and Alavi have not argued any prejudice or other harm resulting from the filing of the Third-Party Complaint." *Id.* ¶ 10. Blair adds that, "[t]o the extent that this Court finds that BPI and Blair are required to seek leave of the Court in order to file a Third-Party Complaint, the instant filing seeks to satisfy the requirements [of] Rule 14(a)." *Id.* ¶ 11.

With respect to the proposed amendment, Blair explains that Blair merely "seek[s] this Court's leave to amend the Third-Party Complaint in order to incorporate the express terms of the Distributor Agreement and to specifically include a claim for contractual indemnification." *Id.* ¶ 12. Thus, according to Blair, amendment of the T.P. Complaint "is a narrow substantive change that will not cause any significant or prejudicial shift in the issues at bar in this litigation." *Id.* ¶ 19.

Further, Blair maintains that there has been "no undue delay" in moving to amend the T.P. Complaint, as the Motion was "filed less than three months after the Third-Party Complaint was originally filed and less than two months since Atlas and Alavi were served." *Id.* ¶ 18. Blair also

7

points to the lenghty extension of the entire discovery schedule, noting that "all parties, including Atlas and Alavi, are essentially starting the discovery period anew and on the same footing." *Id.* ¶ 13.

In support of the Motion, Blair relies on Fed. R. Civ. P. 15(a)(2). It provides that leave to amend should be "freely given," and that "the Court should permit a party to amend its pleadings absent any compelling reason to the contrary." ECF 107, ¶ 15. In sum, Blair contends that because there are no concerns here with regard to "undue delay in filing, bad faith, dilatory motivation, or undue prejudice to the moving party," the Court should grant leave to amend the T.P. Complaint. *Id.*; *see id.* ¶ 16.

As noted, Alavi and Atlas filed a Reply, addressing Blair's Opposition and including an opposition to Blair's Motion. ECF 112. According to Alavi and Atlas, there was undue delay by Blair, stating, *id.* at 5: "Months have now gone by since the filing of the April 6, 2023, Third-Party Complaint, ECF 76, and the delay continues to increase.[]" And, Alavi and Atlas argue that "the Third-Party Complaint is unmeritorious, and, if allowed to proceed, would only delay or prejudice disposition of the matter." *Id.* at 6. Further, they appear to contend that granting leave would cause prejudice to Alavi and Atlas, but they offer no reasons to support the claim. *Id.* at 3–4.

The contention that granting leave to file and leave to amend the Third-Party Complaint will cause unreasonable delay or prejudice rings hollow. Much of the delay in this case is the result of the time it took the government to decide whether to intervene.

Adherence to the Court's deadlines is certainly important. However, there is no indication that Blair's actions were made in "cavalier[] disregard" (ECF 102-1 at 7) of the Court's Scheduling Order. Rather, Blair filed the Third-Party Complaint on the date specified in the Scheduling Order. Blair's failure to also move for leave to file the T.P. Complaint is not fatal.

8

Judge Chasanow's decision in *Hillier Group Architecture*, 2012 WL 3264959, is informative. In that case, the defendant filed a third-party complaint without first seeking leave to do so, in contravention of Fed. R. Civ. P. 14(a)(1). *Id.* at *3. Nevertheless, Judge Chasanow observed that the court retains discretion in considering a motion to strike. *Id.* And, she noted that "it is potential prejudice to the plaintiff in the underlying suit, not to the third-party defendant, that is the primary consideration in this analysis." *Id.*

Judge Chasanow pointed out that the plaintiff in that case had not lodged an objection to the third-party complaint. *Id.* And, the plaintiff had consented to multiple requests for modification of the schedule. Therefore, she declined to strike the third-party complaint for failure to file a motion for leave to file. *Id.*

The same analysis applies here. The plaintiff has not objected to the filing. *See* Docket. And, the plaintiff has joined in several requests to modify the schedule. Moreover, Alavi and Atlas have advanced no basis for a finding of prejudice. Further, judicial economy would best be served if the Third-Party Complaint is part of this litigation. And, courts favor resolution of cases on the merits. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

**B.**

Alternatively, Alavi and Atlas argue that the Third-Party Complaint fails to state a claim sufficient to satisfy Rule 12(b)(6). ECF 102-1 at 7–13. Blair counters, in part, that "the claims for indemnification and contribution in the Third-Party Complaint are not barred by the FCA." ECF 108 at 3.

Critically, the argument of Alavi and Atlas is directed to the Third-Party Complaint filed on April 6, 2023. ECF 76. But, I shall grant leave to amend the T.P. Complaint. And, "[o]rdinarily, an amended complaint supersedes those that came before it." *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th

Cir. 2001), *abrogation on other grounds recognized by Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023)).

The filing of the Amended Third-Party Complaint renders moot the initial Third-Party Complaint. Because the motion to dismiss is directed to an earlier version of the Third-Party Complaint, I shall deny the motion to dismiss, as moot.

### III. Conclusion

In light of the foregoing, I shall deny the Motion to Strike (ECF 102) filed by Alavi and Atlas and grant Blair's Motion (ECF 107).

An Order follows, consistent with this Memorandum.


Date: January 18, 2024                             /s/
                                        Ellen L. Hollander
                                        United States District Judge