IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES *ex rel.* TIMOTHY
SCHNUPP,
    *Relator,*

    v.

BLAIR PHARMACY, *et al.*,
    *Defendants.*

Civil No. ELH-17-2335

**MEMORANDUM OPINION**

In this *qui tam* action, Timothy Schnupp, the Relator, has sued his former employer, Blair

Pharmacy, Inc. ("BPI," "Blair Pharmacy," or "Pharmacy"), and its director and principal, Matthew

Blair ("Mr. Blair") (collectively, "Blair"), pursuant to the False Claims Act ("FCA" or "Act"), 31

U.S.C. §§ 3728 *et seq.  See* ECF 1 ("False Claims Act Complaint").  In May 2022, following a

lengthy investigation, the United States declined to intervene in this case.  ECF 28.  The Complaint

was then unsealed (ECF 29) and, on May 11, 2022, plaintiff filed his "First Amended False Claims

Act Complaint."  ECF 30 (the "Amended Complaint").

The Amended Complaint contains two counts.  Count I asserts false claims under 31 U.S.C.

§ 3729(a)(1)(A) and Count II asserts false claims under 31 U.S.C. § 3729(a)(1)(B).  Some sixteen

months later, on September 13, 2023, Schnupp filed a "Motion for Leave to Supplement the First

Amended Complaint."  ECF 113 (the "Motion").  He seeks to add a third claim, alleging unlawful

retaliation under 31 U.S.C. § 3730(h).

In support of the Motion, plaintiff filed three exhibits.  ECF 113-1 to ECF 113-3.  These

include a copy of a complaint filed in August 2022 by Mr. Blair and Blair Pharmacy in the Circuit

Court for Baltimore County, naming as defendants Schnupp and Pharma Resolutions, LLC

("Pharma"), Schnupp's wholly owned single-member limited liability company (ECF 113-1). In addition, plaintiff filed the proposed Supplemental First Amended False Claims Act Complaint (ECF 113-2) and a redline version of the Supplemental First Amended False Claims Act Complaint (ECF 113-3).

Defendants oppose the Motion. ECF 116 (the "Opposition"). And, defendants submitted three exhibits. ECF 116-1 to ECF 116-3. These include the motion to dismiss the State case, dated October 13, 2022 (ECF 116-1); a copy of Blair's opposition to that motion, dated November 4, 2022 (ECF 116-2); and a copy of the transcript of the hearing held on January 31, 2023, before Judge Michael S. Barranco of the Circuit Court for Baltimore County (ECF 116-3).

No reply was filed, and the time to do so has expired. *See* Docket.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.     Factual and Procedural Background

Plaintiff filed the *qui tam* suit in 2017. ECF 1. As noted, the government investigated the case and, in May 2022, the government declined to intervene. ECF 28. The Complaint was then unsealed. ECF 29. And, the suit was amended. ECF 30.

Schnupp alleges, *inter alia*, that defendants knowingly submitted false claims to the Medicare Program, 42 U.S.C. § 1395 *et seq.* ("Medicare"), a federally funded health insurance program for people ages 65 and older and for certain people with disabilities (*id.* ¶¶ 11 *et seq.*), and to the Department of Defense TRICARE health insurance program. *Id.* ¶¶ 20 *et seq.*[1] According to the Relator, defendants knowingly submitted false claims to Medicare and TRICARE

---

[1] TRICARE was formerly known as the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS"). *See* 32 C.F.R. § 199.17.

for certain compound drugs, by substituting a less expensive drug for a more expensive drug; by billing for medication that was not provided; by overcharging for certain medications; and by committing violations of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 13209-7b(b). *See id.* ¶¶ 28–43.

The claims lodged by the Relator were the subject of a federal criminal prosecution of Mr. Blair. *See United States v. Matthew Blair*, ELH-19-410 (D. Md.). Pursuant to a Plea Agreement (*id.*, ECF 181, ECF 181-1), Mr. Blair entered a plea of guilty on December 3, 2021 (*id.*, ECF 178), to Count 31 of the Superseding Indictment (*id.*, ECF 20). That count charged Mr. Blair with Payment of Illegal Remunerations, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). The Plea Agreement included a lengthy "Stipulation of Facts." *See id.*, ECF 181-1. And, on February 10, 2022 (*id.*, ECF 188), pursuant to Fed. R. Crim. P. 11(c)(1)(C), Mr. Blair was sentenced to twelve months and one day of imprisonment. *See id.*, ECF 189 (Judgment).

In the FCA case, Blair moved to dismiss on June 18, 2022. ECF 38. After briefing (ECF 47, ECF 50), which included several extensions requested by the parties (ECF 42, ECF 43, ECF 48, ECF 49), the Court denied the motion by Memorandum Opinion and Order of December 9, 2022. ECF 55, ECF 56.

In the interim, on August 17, 2022, Mr. Blair and BPI filed a civil lawsuit against Schnupp and Pharma in the Circuit Court for Baltimore County. *See Blair, et al. v. Schnupp, et al.*, Case No. C-03-CV-22-003286 ("State Case"); *see also* ECF 113 at 1, ¶ 3; ECF 116 at 2 n.1.[2] In the

---

[2] "A court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). This includes taking judicial notice of documents from state court proceedings and other matters of public record, without converting the motion to one for summary

State Case, Blair asserted five claims against Schnupp: Breach of Contract (Count I); Intentional Misrepresentation/Fraud (Count II); Fraudulent Concealment (Count III); Negligent Misrepresentation (Count IV); and Breach of Fiduciary Duties (Count V). ECF 113-1, ¶¶ 78–113. And, Blair asserted two claims against both Schnupp and Pharma: Unfair Competition/Trade Secret Misappropriation (Count VI) and Tortious Interference with Economic Relations and/or Business Relationships (Count VII). *Id.* ¶¶ 114–27.

On October 13, 2022, Schnupp and Pharma moved to dismiss the State Case. ECF 116-1. Relevant here, they argued, in part, *id.* at 9: "Plaintiffs attempt to bring this lawsuit in retaliation for the federal *qui tam* action filed by Mr. Schnupp against the Plaintiffs on August 15, 2017, and for the resulting federal criminal prosecution and conviction of plaintiff Matthew Blair." And, they asserted that the False Claims Act "prohibits retaliation for acts done in furtherance of an FCA lawsuit. *See* 31 U.S.C. § 3730(h)." *Id.* at 23 n.4.

Blair opposed that motion. ECF 116-2. And, on November 13, 2022, Schnupp and Pharma replied. *See* Docket in *Blair, et al. v. Schnupp, et al.*, Case No. C-03-CV-22-003286.[3]

On January 31, 2023, the State court held a hearing on the motion to dismiss (Barranco, J.). ECF 116-3. At the hearing, counsel for Schnupp and Pharma argued that "[u]nder the False Claims Act under federal law no retaliation is allowed . . . ." *Id.* at 27; *see also id.* at 45. Judge

---

judgment. *Parikh v. Frosh*, PX-22-110, 2023 WL 131043, at *5 (D. Md. Jan. 9, 2023), *aff'd in part, vacated in part on other grounds*, 2024 WL 2764720 (4th Cir. May 30, 2024); *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. 2016); *Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 246 n.2 (D. Md. 2013); *cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (concluding that a district court may "properly take judicial notice of its own records").

Accordingly, I may take judicial notice of the State Case, and the pleadings filed within it, as they are matters of public record. *See Goldfarb*, 791 F.3d at 508.

[3] Neither party filed a copy of the reply with this Court.

Barranco denied the motion to dismiss. *Id.* at 107. And, the case is still pending. *See* Docket, *Blair, et al. v. Schnupp, et al.*, Case No. C-03-CV-22-003286.

As to the FCA case, on December 19, 2022, plaintiff filed a motion for partial summary judgment. ECF 57. The motion was briefed (ECF 65, ECF 75) and, by Memorandum Opinion and Order of May 23, 2023 (ECF 100, ECF 101), I denied that motion.

In the interim, on January 25, 2023, defendants answered the suit. ECF 60. Thereafter, on March 6, 2023, I issued a Scheduling Order. ECF 73. Among other things, the Scheduling Order set a deadline of April 6, 2023, for amendment of pleadings. *Id.* By consent, the Scheduling Order was extended several times. *See* ECF 106, ECF 118, ECF 122, ECF 136, ECF 142. Critically, however, the deadline to amend pleadings was *never* extended. *See id.* Pursuant to the Court's Order of April 5, 2024 (ECF 142), discovery closed on or about May 8, 2024.[4]

As indicated, in the State Case, in October 2022, Schnupp argued that the State Case was retaliatory, in violation of federal law. ECF 116-1. Yet, the Motion, seeking leave to add a retaliation claim in the FCA case (ECF 113), was not filed until September 13, 2023—almost a year after Schnupp asserted retaliation in the State Case. *See* ECF 113.

In particular, in the Motion, plaintiff seeks to "supplement" the First Amended Complaint with an FCA retaliation claim. ECF 113. He maintains that on August 17, 2022, Mr. Blair and BPI filed "a retaliatory lawsuit" in the Circuit Court for Baltimore County against Schnupp and Pharma. Therefore, he seeks to "file a Supplemented First Amended False Claims Act Complaint in this case to add a third count alleging unlawful retaliation under 31 U.S.C. § 3730(h)." *Id.* at 2. As discussed, *infra*, by seeking to add a new claim, plaintiff actually seeks to amend his suit.

---

[4] By letter of May 8, 2024, counsel informed the Court that they had completed discovery. ECF 144.

## II.     Legal Standards

Schnupp has moved to "supplement" his First Amended Complaint by adding a new claim. ECF 113.  The title of the Motion does not alter its character.  "A rose by any other name would smell as sweet."[5]   In actuality, the Motion seeks leave to amend the suit.  Therefore, the Motion implicates Fed. R. Civ. P. 15(a).

Pursuant to Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: A) 21 days after serving it, or B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) provides: "The court should freely give leave [to amend] when justice so requires."  *See Sohrabi v. Mirghahari*, GJH-20-2001, 2023 WL 1416020, at *2 (D. Md. Jan. 31, 2023) (citing Fed. R. Civ. P. 15(a)(2)).

Fed. R. Civ. P. 15 is a "liberal rule" that "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022); *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964)).  The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (stating that leave to

---

[5] William Shakespeare, *Romeo and Juliet*, Act 2, Scene 2.

amend may be denied where the proposed amendment "would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile"); *see also Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012); *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va.*, 985 F.2d 164, 168 (4th Cir. 1993).

A district court "'may deny leave if amending the [pleading] would be futile—that is, if the proposed amended [pleading] fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)) (alterations added). "'Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.'" *Davison*, 912 F.3d at 690 (quoting *Katyle*, 637 F.3d at 471). Put another way, an amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Oroweat*, 785 F.2d at 510. Therefore, a "proposed amendment [is] futile if the new claim would not . . . survive[] a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Davison*, 912 F.3d at 690 (alterations added).

However, "it does not follow that every plaintiff seeking leave to amend [a] claim[] must demonstrate that [the] claim[] can withstand a Rule 12(b)(6) motion." *Bioiberica Nebraska, Inc. v. Nutramax Manufacturing, Inc.*, SAG-18-CV-3133, 2019 WL 5102674, at *3 (D. Md. Oct. 10, 2019). Indeed, "[s]uch a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is '*clearly insufficient or frivolous on its face.*'" *Id.* (quoting *Oroweat*, 785 F.2d at 510) (emphasis in *Bioiberica*); *see also Aura Light US Inc. v. LTF Int'l LLC*, GLR-15-3198, GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

7

Under Rule 15(a)(2), "prejudice means that the party opposing the amendment would be hindered in the preparation of its case, or would have been prevented from taking some measure in support of its position."  61A AM. JUR. 2d, Pleading § 723.  Courts may find undue prejudice sufficient to justify denying leave to amend if a new claim or defense would force the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial"; it would "significantly delay the resolution of the dispute"; or it would "prevent the plaintiff from bringing a timely action in another jurisdiction."  *Id.*; *see also Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009) (concluding that amendment "may prejudice the non-moving party when the motion would shift the theory of the case, thereby rendering the non-moving party's prior discovery a misdirected use of resources and compelling the non-moving party to engage in costly additional discovery").

But, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."  *Laber*, 438 F.3d at 427 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980)).  Moreover, "the time, effort, and money . . . expended in litigating [a] case" do not constitute "substantial prejudice."  *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, 4:05-CV-0033, 2006 WL 1289545, at *3 (M.D. Pa. May 9, 2006); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (concluding that the time, effort, and money expended by the plaintiffs in litigating the case did not amount to substantial prejudice).

To be sure, "a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a)."  *Krupski v. Costa Crociere, S.P.A.*, 560 U.S. 538, 553 (2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  But, "[d]elay alone is an insufficient reason to deny leave to amend."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242

8

(4th Cir. 1999); *see also Davis*, 615 F.2d at 613 ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."); *MedCom*, 42 F.4th at 197.  "Rather, the delay must be accompanied by prejudice, bad faith, or futility."  *Edwards*, 178 F.3d at 242.  And, "[p]rejudice is the weightiest factor, the absence thereof, 'though not alone determinative, will normally warrant granting leave to amend.'"  *Oliver v. Dep't of Public Safety and Correctional Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018) (Blake, J.) (quoting *Davis*, 615 F.2d at 613); *see V.E. v. Univ. of Md. Balt. Cty.*, JRR-22-02338, 2023 WL 5153650, at *2 (D. Md. Aug. 10, 2023).

Fed. R. Civ. P. 16 is also pertinent because it concerns, in part, scheduling and case management.[6]  Notably, "[i]n an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation."  *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002).

Scheduling orders serve a vital role in helping courts manage their civil caseloads. *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Md. 1985); *see also Naughton v. Bankier*, 114 Md. App. 641, 653, 691 A.2d 712, 718 (1997) (recognizing that a scheduling order helps "to maximize judicial efficiency and minimize judicial inefficiency").  A scheduling order is an important tool in "'securing the just, speedy, and inexpensive determination of every action.'" *Miller v. Transcend Servs., Inc.*, LPA-10-362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995)).  It is not a "'frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'"  *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999) (quoting *Gestetner Corp.*, 108 F.R.D. at 141).

---

[6] Neither side cites or addresses Rule 16 in their submissions.

Where, as here, a party "moves to amend after the deadline established in the scheduling order for doing so, Rule 16(b)(4) becomes the starting point in the Court's analysis." *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 106 (D. Md. 2013); *see Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020).  Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."

Under Rule 16(b)(4), a movant must demonstrate good cause to satisfy the requirement for a modification of a scheduling order.  *See Faulconer*, 808 F. App'x at 152; *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue*, 295 F.R.D. at 106–07; *see also United States v. Hartford Accident & Indem. Co.*, JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016) ("The burden for demonstrating good cause rests on the moving party.").  Nevertheless, Rule 16 "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (citation omitted).

Accordingly, "after the deadlines provided by a scheduling order have passed, the good cause standard" under Rule 16 "must be satisfied to justify leave to amend the pleadings." *Nourison*, 535 F.3d at 298.  The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'" *Faulconer*, 808 F. App'x at 152 (citation omitted).  "Effectively, if amendment of the pleadings would satisfy Rule 16(b)(4)'s good cause standard, then it would also satisfy Rule 15(a)(2)'s freely given standard." *Varner v. South Carolina Farm Bureau Ins. Co.*, TLW-18-2098, 2020 WL 12834378, at *1 (D.S.C. Oct. 2, 2020).

Here, under ECF 73, the deadline for amendment of pleadings expired on April 6, 2023, yet the Motion was not filed until September 13, 2023.  Consequently, as an initial matter, plaintiff

must satisfy the standards of Fed. R. Civ. P. 16, which governs amendment of pleadings filed beyond the deadline set forth in the scheduling order. *See Cook v. Howard*, 484 F. App'x 805, 814–15 (4th Cir. 2012) (stating that Rule 15(a)(2) "applies . . . prior to the entry of a scheduling order, at which point, under Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment"); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("[O]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a).").

In *Nourison*, 535 F.3d at 298, the Fourth Circuit explained:

> There is tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b) . . . Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001). On the other hand, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."

Modification of a scheduling order requires good cause. Fed. R. Civ. P. 16(b)(4). And, the "touchstone" of Rule 16(b)(4)'s "good cause requirement is diligence." *Faulconer*, 808 F. App'x at 152 (internal quotation marks omitted). Indeed, "only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id.*; *see also id.* at 152 n.1 (collecting cases); *accord Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted).

In evaluating diligence, courts mainly focus "'[on] the timeliness of the motion to amend and the reasons for its tardy submission.'" *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, JKB-10-2112, 2012 WL 3038639, at *4 (D.

Md. July 24, 2012) (internal quotation marks omitted)) (alteration in *Elat*). "'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Wonasue*, 295 F.R.D. at 107 (quoting *CBX Techs., Inc.*, 2012 WL 3038639, at *4). If, for example, the "moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial [pleading], then the party" has not acted diligently, and therefore "cannot establish good cause under Rule 16." *Faulconer*, 808 F. App'x at 152 (alteration added). In contrast, where "'at least some of the evidence needed for a [party] to prove his or her claim did not come to light until after the amendment deadline,' a [party] has 'good cause' for moving to amend at a later date." *Wonasue*, 295 F.R.D. at 107 (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)) (alterations added).

To determine whether the moving party has met his burden to show good cause, a court may also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520. However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered." *Faulconer*, 808 F. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)); *see also Rassoull*, 209 F.R.D. at 374 ("'If [the moving party] was not diligent, the inquiry should end.'") (citation omitted) (alteration added); *Marcum*, 163 F.R.D. at 254 ("'[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.'") (citation omitted) (emphasis removed).

In short, the Court need not address Rule 15 unless Rule 16 is satisfied. But, if the moving party demonstrates good cause pursuant to Rule 16(b)(4), the movant must then "satisfy the liberal standard of Fed. R. Civ. P. 15(a)." *Humane Soc'y of the U.S. v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh, PA*, DKC-13-1822, 2016 WL 3668028, at *2 (D. Md. July 11, 2016); *see Cook*, 484 F. App'x at 814–15; *Wonasue*, 295 F.R.D. at 106–07.

### III.   Discussion

### A.

The First Amended Complaint was filed on May 11, 2022, and Blair was served on June 6, 2022.  ECF 113, ¶¶ 1, 2.  Then, on August 18, 2022, Blair and the Pharmacy filed suit against Schnupp in the Circuit Court for Baltimore County, which Schnupp claims was retaliatory in nature.  *Id.* ¶ 3; *see also* ECF 113-1.

Plaintiff asserts: "The gravamen of the lawsuit in Baltimore County is that Mr. Schnupp 'embarked on a path of revenge against'" Blair.  ECF 113, ¶ 4.  Schnupp explains that this "revenge" is alleged to include "'instituting a *qui tam* action against Mr. Blair and [the Pharmacy].'"  *Id.* (alteration in ECF 113).  And, this "revenge" is alleged to include Schnupp's "'false statements' to federal investigators" as well as downloading confidential information from Blair Pharmacy.  *Id.*  Thus, Schnupp posits that "the state lawsuit against him in Baltimore County violates the anti-retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h)."  *Id.* ¶ 6 (citing *United States ex rel. Felten v. William Beaumont Hosp.*, 993 F.3d 428 (6th Cir. 2021) and *Smith v. Athena Constr. Grp., Inc.*, 2022 WL 888188 (D.D.C. Mar. 25, 2022)).[7]

Plaintiff maintains that "Federal Rule 15(d) authorizes the Court to permit supplementation of a pleading '[o]n motion and reasonable notice' to allow a party to set out 'any transaction, occurrence or event that happened after the date of the pleading to be supplemented.'"  *Id.* ¶ 7. And, plaintiff notes that "[t]he state lawsuit was filed against the Plaintiff/Relator after the First

---

[7] Plaintiff does not provide pincites to these citations.

Amended False Claims Act Complaint was filed in this action." *Id.* ¶ 8.  Therefore, plaintiff asks the Court to "enter an Order permitting Relator to file a Supplemented First Amended False Claims Act Complaint in this case to add a third count alleging unlawful retaliation under 31 U.S.C. § 3730(h)." *Id.* at 2.  Notably, as indicated, neither plaintiff nor defendants address Rule 16 in their pleadings.  *See* ECF 113; ECF 116.

In the Opposition, defendants assert various arguments as to why the Motion should be denied.  *See* ECF 116.  To begin, Blair explains that "Schnupp's status as a relator in this case is based on the fact that he was previously employed as BPI's Pharmacist in Charge between 2014 and 2017." *Id.* ¶ 8.  But, Blair points out that "Schnupp's employment with BPI ended in February 2017 when Schnupp voluntarily resigned approximately 6 months before he filed this action." *Id.* Defendants note that the State Case "was filed more than five years after Schnupp **voluntarily** resigned from BPI and was based on facts and issues that are entirely unrelated to the allegations underlying this *qui tam* action." *Id.* ¶ 13 (emphasis in original).[8]

Therefore, defendants contend that the claim is futile.  They explain, *id.* ¶ 25 (emphasis in ECF 116):

> Schnupp's proposed addition to the First Amended Complaint is a claim under 31 U.S.C.A. § 3730(h), which provides a claim for retaliation for any 'employee, contractor or agent [that] is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against *in the terms and conditions of employment* because of lawful acts done by the employee, contractor,

---

[8] Blair explains the delay in filing the State suit, pointing out that although the *qui tam* case was originally filed in August 2017, Blair and BPI "were unaware of the allegations pending against them because the matter remained under seal until May 2022 while the federal government conducted its investigation of BPI." ECF 116, ¶ 9.  Further, they assert, *id.* ¶ 10: "Once this matter was unsealed in 2022, Defendants (for the first time) gained access to documents and information that were previously withheld while the government's investigation was ongoing."  And, they argue that these documents "included evidence that Schnupp had engaged in several fraudulent and tortious business practices while employed as the Pharmacist in Charge at BPI between 2014 and 2017," which were "specifically intended to damage BPI by preying upon BPI's customers, confidential information, trade secrets, and goodwill." *Id.* ¶ 11.

agent or associated others in furtherance of a an action under this section. . ." 31 U.S.C.A. § 3730(h)(1) (emphasis added).

Further, defendants posit: "Based on the plain language of the statute, courts in the Fourth Circuit have interpreted Section 3730(h) as providing recourse to an **employee/relator** who suffers an 'adverse employment action' due to the employee's whistleblowing activities under the False Claims Act." *Id.* ¶ 26 (emphasis in ECF 116) (citing *Irving v. PAE Gov't Servs., Inc.*, 296 F. Supp. 3d 761, 770 (E.D. Va. 2017), *aff'd*, 736 F. App'x 412 (4th Cir. 2018); *Glynn v. EDO Corp.*, 710 F.3d 209, 214 (4th Cir. 2013)). And, they assert that an "adverse employment action" is defined by the Fourth Circuit "as one that 'constitutes a significant change in *employment status*, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" ECF 116, ¶ 26 (emphasis in ECF 116) (citing *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011)).

However, defendants insist that "it is undisputed that Schnupp **voluntarily** resigned from BPI in 2017." ECF 116, ¶ 28 (emphasis in original). Thus, they maintain that Schnupp did not experience an "'adverse employment action' necessary to support a retaliation claim under Section 3730(h) because, at the time the State Court Action was filed, Schnupp had not been *employed by* BPI or Mr. Blair for more than five years." *Id.* (emphasis in original). And, they contend that plaintiff cannot satisfy Fed. R. Civ. P. 15(a)(2), because the amendment would be futile.

Defendants also complain about undue delay on the part of Schnupp in moving to amend. They note that Schnupp moved to dismiss the State Case on October 13, 2022, on the very ground for which he filed for leave to amend in this case in September 2023. ECF 116, ¶ 14; *see also* ECF 116-1. And, according to defendants, at the hearing in the State Case on January 31, 2023, Judge Barranco "directly addressed the question of whether the State Court Action was brought in retaliation to this *qui tam* action." ECF 116, ¶ 16; *see also* ECF 116-3. The State court concluded

"that the Complaint in the State Court matter, read in its entirety, has no connection to the *qui tam* matter . . . ."  ECF 116, ¶ 18 (citing ECF 116-3 at 97, 99–100).  Therefore, defendants assert, ECF 116, ¶ 19:

> Now, more than a year after Schnupp filed the First Amended Complaint and nearly nine months after Judge Barranco's ruling, Schnupp is attempting to supplement the First Amended Complaint (having previously filed two other versions of the Complaint) by adding a claim for retaliation under 31 U.S.C.A. § 3730(h) based on the same theory that was expressly rejected in the State Court Action.

**B.**

Pursuant to the Court's Scheduling Order of March 6, 2023 (ECF 73), the deadline for amendment of pleadings was set for April 6, 2023.  *Id.*  Although the Scheduling Order was extended multiple times (ECF 106, ECF 118, ECF 122, ECF 136, ECF 142), the deadline to amend pleadings was never extended.  And, plaintiff's Motion was filed on September 13, 2023, over five months beyond the deadline for amendment of pleadings.  ECF 113.

As discussed, Schnupp moved to dismiss the State Case on October 13, 2022, arguing that the False Claims Act "prohibits retaliation for acts done in furtherance of an FCA lawsuit. ***See* 31 U.S.C. § 3730(h).**"  ECF 116-1 at 23 n.4 (emphasis added).  In support of his position, Schnupp cited 31 U.S.C. § 3730(h)—the same statute on which he relies as a basis to amend his federal suit.  Thus, plaintiff was clearly aware of a possible FCA retaliation claim for over a year prior to the filing of the Motion on September 13, 2023.  Plaintiff offers no explanation for this delay.

As noted, the "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'"  *Faulconer*, 808 Fed. App'x at 152.  And, inquiries as to diligence focus "'[on] the timeliness of the motion to amend and the reasons for its tardy submission.'"  *Elat*, 993 F. Supp. 2d at 520.  In my view, plaintiff has not shown the diligence required by Rule 16, so as to warrant leave to amend the First Amended Complaint.

In any event, plaintiff has also failed to meet Rule 15's requirements. Specifically, defendants have demonstrated that plaintiff's proposed "amendment would be prejudicial to the opposing party" and "the amendment would be futile." *Oroweat*, 785 F.2d at 509.

Retaliation is a claim that is entirely distinct from the claims already pending in the federal suit. It would require additional discovery, with added expense. And, adding such a claim would delay the resolution of the federal case. *See Laber*, 438 F.3d at 427.

Moreover, and most significant, the claim is futile. As defendants explain, 31 U.S.C. § 3730(h) pertains to employees who face "adverse employment actions" from their employers. ECF 116, ¶ 26; *Schmidt v. Bartech Grp., Inc.*, 620 F. App'x 153, 155 (4th Cir. 2015) ("[A]n FLSA plaintiff must show 'that his employer retaliated against him by engaging in an action that would have been materially adverse to a reasonable employee because the employer's actions could well dissuade a reasonable worker from making or supporting a charge of discrimination.'") (quoting *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008)); *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 423 F. Supp. 2d 522, 530 (D. Md. 2006), *aff'd in part, dismissed in part*, 237 F. App'x 802 (4th Cir. 2007) ("Section 3730(h) provides relief for an employee who is discharged by his employer because of lawful acts 'in furtherance of' a *qui tam* action under the FCA."); *see also Irving*, 296 F. Supp. 3d at 770; *Glynn*, 710 F.3d at 214; *Hoyle*, 650 F.3d at 337. However, as noted, plaintiff was not an employee of BPI in August 2022, when defendants filed the State Case. ECF 116, ¶ 28. Indeed, Blair argues, and plaintiff does not dispute, that plaintiff voluntarily left BPI in 2017, and has not had an employment relationship with Blair since then. *See id.*, ¶¶ 8, 28. And, plaintiff's proposed amended complaint does not offer any additional basis for a possible "adverse employment action." *See id.*, ¶¶ 67–74.

### IV.    Conclusion

Plaintiff has not exercised due diligence in filing his Motion.   Moreover, plaintiff's proposed amendment would be prejudicial to defendants and the amendment would be futile. Accordingly, I shall deny the Motion.

An Order follows, consistent with this Memorandum.


Date: June 6, 2024                                              _____/s/_____

                                                               Ellen L. Hollander
                                                               United States District Judge

18