**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

July 24, 2024

MEMORANDUM TO COUNSEL

    Re:    *United States ex rel. Timothy Schnupp v. Blair Pharmacy,* et al.
            Civil Action ELH-17-2335

Dear Counsel:

As you know, in this *qui tam* action, Timothy Schnupp, the Relator, has sued his former employer, Blair Pharmacy, Inc. ("BPI," "Blair Pharmacy," or "Pharmacy"), and its principal, Matthew Blair ("Mr. Blair") (collectively, "Blair"), pursuant to the False Claims Act ("FCA" or "Act"), 31 U.S.C. §§ 3728 *et seq. See* ECF 1 ("False Claims Act Complaint"). In May 2022, following a lengthy investigation, the United States declined to intervene in this case. ECF 28. The Complaint was then unsealed (ECF 29) and, on May 11, 2022, plaintiff filed his "First Amended False Claims Act Complaint." ECF 30 (the "Amended Complaint"). Schnupp seeks $22 million in damages, pursuant to 31 U.S.C. §§ 3729-3732.

The Amended Complaint contains two counts. Count I asserts false claims under 31 U.S.C. § 3729(a)(1)(A) and Count II asserts false claims under 31 U.S.C. § 3729(a)(1)(B).

Relevant here, by Memorandum (ECF 125) and Order (ECF 126) of January 18, 2024, I granted Blair leave to file a third-party complaint against Bahram Alavi ("Alavi") and Atlas Medical Solutions, LLC, f/k/a Atlas Group, LLC ("Atlas"). I also granted Blair leave to amend the third-party complaint. *Id.* Accordingly, the "First Amended Third-Party Complaint" (the "T.P. Complaint"), docketed at ECF 127, is the operative third-party complaint. It contains three counts: "Common Law Indemnification" (Count I); "Common Law Contribution" (Count II); and "Contractual Indemnification Via the Distributor Agreement" (Count III). ECF 127, ¶¶ 36–40, 41–45, 46–49.

Blair asserts that jurisdiction is founded on federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because the T.P. Complaint "invokes questions arising under federal law, namely the FCA." ECF 127, ¶ 9. But, the claims in the T.P. Complaint seem to arise under Maryland law. Alternatively, Blair asserts supplemental jurisdiction under 28 U.S.C. § 1367. ECF 127, ¶ 9.

Atlas and Alavi have moved to dismiss the T.P. Complaint. ECF 131 (the "Motion"). However, they do not raise an issue as to jurisdiction.

I have been in the process of reviewing the parties' submissions with regard to the Motion. In doing so, I have concerns as to the jurisdictional basis for the T.P. Complaint.

The term "jurisdiction" refers to "'the courts' statutory or constitutional *power* to adjudicate the case.'" *United States v. Cotton*, 535 U.S. 625, 630 (2002) (citation omitted) (emphasis in original); *see B.R. v. F.C.S.B.*, 17 F.4th 485, 492 (4th Cir. 2021). Federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). They "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Therefore, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377).

A federal court generally may not reach the merits of a case without first determining that it has jurisdiction over the claim in the suit. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)). Indeed, the court has "an independent obligation" to verify that it has jurisdiction. *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Peck v. United States Dep't of Lab., Admin. Rev. Bd.*, 996 F.3d 224, 227–28 (4th Cir. 2021) ("[F]ederal courts 'have an independent obligation to verify the existence of' their own jurisdiction.") (quoting *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018)). Thus, a court may consider subject matter jurisdiction at any time in the litigation, and it may do so, *sua sponte*. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Accordingly, by **5:00 p.m. on August 7, 2024**, I ask counsel to submit memoranda addressing the threshold question of the Court's jurisdiction as to the T.P. Complaint. Reply memoranda may be submitted by **5:00 p.m. on August 16, 2024**. And, in the interim, I shall stay disposition of the Motion (ECF 131) pending submission of the memoranda.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                Very truly yours,

                /s/
                Ellen Lipton Hollander
                United States District Judge