**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* | * | |
| TIMOTHY SCHNUPP | * | CIVIL ACTION NO.: |
| Relator/Plaintiffs, | * | |
| v. | * | 1:17-cv-02335-ELH |
| BLAIR PHARMACY, INC. *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BLAIR PHARMACY, INC., *et al.* | * |
| Third-Party Plaintiffs, | * |
| v. | * |
| BAHRAM ALAVI, *et al.* | * |
| Third-Party Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**THIRD-PARTY PLAINTIFFS/DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THIS COURT'S JURISDICTION OVER THE
<u>FIRST AMENDED THIRD-PARTY COMPLAINT</u>**

Third-Party Plaintiffs/Defendants, Blair Pharmacy, Inc. ("BPI") and Matthew Blair ("Blair") (collectively, "Blair"), by and through their undersigned counsel, submit this Memorandum of Law in Support of this Court's Jurisdiction Over the First Amended Third-Party Complaint [ECF 127] ("Third-Party Complaint") against Bahram Alavi ("Alavi") and Atlas Medical Solutions, LLC f/k/a Atlas Group, LLC ("Atlas") (collectively, "Third-Party Defendants"). In response to this Court's July 24, 2024 Letter Order [ECF 150], Blair states the following:

**I.      INTRODUCTION**

This Court should retain subject matter jurisdiction over the Third-Party Complaint based on this Court's statutory duty to resolve issues "arising under" federal law and the common factual/legal issues involved in both the Third-Party Complaint and the underlying *qui tam* matter. The Third-Party Complaint is inextricably intertwined with the claims in the underlying *qui tam* action in that both matters involve critical issues arising under the federal False Claims Act, 31 U.S.C.A. §§ 3729, *et seq.* ("FCA"). The facts supporting the Third-Party Complaint also overlap significantly with the operative facts set forth in the underlying *qui tam* matter, including that the indemnification sought by Blair (whether or not it is ultimately necessary) is comprised largely of the same damages sought by Plaintiff-Relator Timothy Schnupp ("Schnupp") in the First Amended Complaint ("Amended Complaint"). Accordingly, this Court should exercise jurisdiction over the Third-Party Complaint under either the federal-question doctrine in 28 U.S.C. § 1331 or this Court's supplemental jurisdiction provided by 28 U.S.C. 1367.

**II.     RELEVANT PROCEDURAL HISTORY**

The original action underlying the Third-Party Complaint is Schnupp's *qui tam* lawsuit against Mr. Blair and BPI. ECF 1. In his Amended Complaint, Schnupp alleges that Blair committed several fraudulent schemes that violate the FCA, a federal statute. *See* ECF 30. One of the primary allegations in Schnupp's Amended Complaint is that Blair violated another federal statute, the Anti-Kickback Statute, 42 U.S.C.A. § 1320a-7b ("AKS"). *Id.* at 11. Specifically, Schnupp alleges that Blair violated the AKS by entering into a "Distributor Agreement" with Third-Party Defendants.[1] *Id.* at 13. Schnupp further alleges that via this Distributor Agreement,

---

[1] Notably, the allegations regarding the Distribution Agreement are the centerpiece of Schnupp's *qui tam* claim and are currently the subject of Schnupp's pending Motion for Summary Judgment in which he requests a damages award from Blair in excess of $22 million.

2

Blair illegally paid "tainted" renumerations to Third-Party Defendants in exchange for Third-Party Defendants' referral of federal healthcare program beneficiaries to fill compound medications with BPI. *Id.* Schnupp contends that Blair paid Third-Party Defendants approximately $4 million in "tainted" renumerations, which he claims were illegal kickbacks under the AKS and are actionable damages under the FCA. *See* ECF 149.

On April 6, 2023, based on Schnupp's allegations, Blair filed the operative Third-Party Complaint. ECF 127. The Third-Party Complaint includes claims for (Count I) Common Law Indemnification; (Count II) Common Law Contribution; and (Count III) Contractual Indemnification. *Id.* at 8-10. All of the allegations in the Third-Party Complaint arise out of the sales commission arrangement between Blair and Third-Party Defendants that purportedly violated the AKS and forms the basis for Schnupp's FCA claims. ECF 127 at 5-7. The only damages (and they are conditional) sought by Blair are the purportedly illegal renumerations that were paid to and retained by Third-Party Defendants, and Schnupp now alleges are part of the FCA damages at issue in this case. *Id.* at 7; ECF 30 at 13-14.

On February 9, 2024, Third-Party Defendants moved to dismiss the Third-Party Complaint ("Motion to Dismiss"). ECF 131-1. Third-Party Defendants' Motion to Dismiss includes nine pages of argument (none of which is persuasive or binding) regarding federal FCA caselaw and the right to bring indemnification and contribution claims under the FCA. *Id.* at 16-24. Third-Party Defendants contend that the issues raised in the Third-Party Complaint invoke matters of "FCA jurisprudence." *Id.* at 16.

In its July 24, 2024 Letter Order, this Court requested that the parties brief the issue of subject matter jurisdiction over the Third-Party Complaint because Blair's complaints "seem to arise under Maryland law." ECF 150. While Blair does not dispute that the Third-Party Complaint

3

includes claims that are arguably based on Maryland common-law, this Court has two avenues by which it can and should exercise subject matter jurisdiction. First, as explained in the Third-Party Complaint, this Court's jurisdiction may be premised on 28 U.S.C. § 1331, "because [the Third-Party Complaint] invokes questions arising under federal law, namely the FCA." ECF 127 at 3. Alternatively, because of how inexplicably intertwined the allegations in the Third-Party Complaint are to Schnupp's FCA allegations, this Court may also exercise supplemental jurisdiction under 28 U.S.C. § 1367. *Id.*

### III.  ARGUMENT

#### A.  Subject Matter Jurisdiction Is Proper Over the Third-Party Complaint Based On This Court's Authority to Decide Issues "Arising Under" Federal Law Pursuant to 28 U.S.C. § 1331.

This Court should exercise subject matter jurisdiction over the Third-Party Complaint under 28 U.S.C. § 1331 because Blair's claims involve questions of federal law arising under the FCA. Though the United States District Court for the District of Maryland is a "court[] of limited jurisdiction," Congress has provided that it has subject-matter jurisdiction over federal questions.[2] 28 U.S.C. § 1331 expressly provides that "district courts shall have original jurisdiction of all civil actions ***arising under*** the Constitution, laws, or treaties of the United States." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); 28 U.S.C. § 1331. "The Supreme Court has long recognized . . . that federal-question jurisdiction is not limited to cases where federal law creates the cause of action." *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557 (4th Cir. 1999). "Where state law creates the cause of action, federal-question jurisdiction will nonetheless lie if the 'plaintiff's right to relief necessarily depends on [the] resolution of a

---

[2] Although not at issue in this case, District Courts may also exercise subject-matter jurisdiction over diversity actions.

substantial question of federal law.'" *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, (1983); *Merrell Dow,* 478 U.S. at 808–09, 106 S.Ct. 3229; *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199 (1921); *International Science & Tech. Institute, Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146, 1154 (4th Cir.1997)); *see also Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 428–29 (4th Cir. 2004).

Here, there is no question that this Court has jurisdiction over the FCA claims that Schnupp lodged against Blair. Consequently, pursuant to 31 U.S.C.A. § 1331, this Court also has original jurisdiction over the Third-Party Complaint under the federal-question doctrine. This is because, even if the claims in the Third-Party Complaint are Maryland common-law claims, any eventual liability of Third-Party Defendants will necessarily require an interpretation and adjudication of federal law under the FCA. *See Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d at 428–29 (("[the Fourth Circuit] recognize[s] that when, as here, state law creates the plaintiff's cause of action, the lower federal courts possess jurisdiction to hear 'only those cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Third-Party Defendants' Motion to Dismiss supports the notion that the Third-Party Complaint arises under questions of federal FCA law. *See* ECF 131 at 16-24. Third Party Defendants base their Motion to Dismiss on two grounds: (1) a Settlement Agreement arising out of a previous lawsuit between the parties; and (2) FCA jurisprudence. *See generally, id.* Both bases underscore the federal nature of the claims at issue. The "previous lawsuit" referenced in the Motion to Dismiss was litigated in the United States District Court for the District of Maryland. *See* ECF 131-1 at 12 n.7 (citing to Complaint for *Atlas Group, LLC v. Blair Pharmacy*, No. 15-2491 (D. Md. Aug. 21, 2015). Likewise, it is also clear from the Motion to Dismiss that issues of

5

federal law (i.e., the FCA) are inextricably intertwined with the claims asserted in the Third-Party Complaint. Third-Party Defendants emphasize the importance of the federal statutory analysis as more than half of their legal arguments are devoted to FCA (a federal statute) "jurisprudence." *Id.* at 16-24. Accordingly, this Court should maintain jurisdiction over the Third-Party Complaint under 28 U.S.C. § 1331 because it necessarily requires the resolution of significant legal issues arising under the FCA.

> **B.   This Court Should Also Retain Jurisdiction Over the Third-Party Complaint Based Upon Its Ability to Exercise Supplemental Jurisdiction Under 28 U.S.C. § 1367.**

Alternatively, this Court may retain supplemental jurisdiction over this matter under 28 U.S.C. § 1367. It is "well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp.*, 545 U.S. at 552-53 (citing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). In *Gibbs*, the Supreme Court "confirmed that the District Court ha[s] the additional power (though not the obligation) to exercise supplemental jurisdiction over related state claims that [arise] from the same Article III case or controversy" as those claims upon which the court has original jurisdiction. *See id.* (citing *Gibbs*, 383 U.S. at 725) ("The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.... [A]ssuming substantiality of the federal issues, there is power in federal courts to hear the whole [case]"). "The state and federal claims must derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725.

Congress codified supplemental jurisdiction in 28 U.S.C. § 1367. "[T]he Fourth Circuit has noted that supplemental jurisdiction is mandatory under § 1367(a), but becomes 'permissive' only when a listed exception is triggered under § 1367(c). *See Whitlock v. St.*, 2012 WL 3686434, at *3

(E.D. Va. Aug. 24, 2012) "Section 1367(a) states in straightforward language that a federal court may exercise supplemental jurisdiction if those claims 'form part of the same case or controversy' as the claim over which 'the district courts have original jurisdiction.'" *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 114 (4th Cir. 2001) (citing 28 U.S.C. § 1367(a)). A District Court can decide to exercise supplemental jurisdiction even after dismissing every claim over which it had original jurisdiction. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"; *Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction") (citations omitted).

Even if the Third-Party Complaint did not implicate significant questions of federal law (which it does), this Court nevertheless has supplemental jurisdiction to decide the state law claims in the Third-Party Complaint under 28 U.S.C. § 1367. The operative facts underlying the Third-Party Complaint are identical to those facts underlying Schnupp's Amended Complaint and, in particular, his pending request for summary judgment in the amount of $22 million against Blair. *See* ECF 149. Thus, judicial economy weighs heavily in favor of this Court exercising its jurisdiction over Third-Party Plaintiff's claims seeking to recoup whatever FCA damages (if any) remain in the hands of Third-Party Defendants by virtue of the illegal renumeration payments alleged in the Amended Complaint. *See* ECF 30 at 13-14.

Initially, this Court should exercise supplemental jurisdiction under § 1367(a) because the Third-Party Complaint is directly linked to the same case or controversy as the underlying *qui tam* action, over which this Court unquestionably has original jurisdiction. Schnupp's Amended

Complaint, the underlying violations of the AKS, and the Third-Party Complaint all involve the same case and controversy: what, if any liability, arises from the business relationship between Blair and Third-Party Defendants? The supplemental jurisdiction statute itself specifically contemplates this situation, instructing, "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *See* 28 U.S.C. § 1367(a).

In addition, because none of the circumstances in 1367 (b) or (c) apply here, exercising supplemental jurisdiction is not discretionary. Section 1367(b) is inapplicable given that Blair is not alleging diversity of citizenship. Likewise, none of the four scenarios of 1367(c) apply: (1) the state law claims in the Third-Party Complaint are not novel or complex; (2) the state law claims do not predominate over the *qui tam* issues in the Amended Complaint (and, in fact, are subordinate to them); (3) this Court has not (yet) dismissed Schnupp's qui tam action; and (4) there are no "exceptional circumstances" that provide "compelling reasons" for this Court to decline jurisdiction. 28 U.S.C. § 1367(c).

Although certain courts have declined to exercise subject matter jurisdiction in cases where state law claims predominate, *see, e.g., NGM insurance Company v. Secured Title & Abstract, Inc., et al.,* 2008 WL 1858884 (E.D. Va. Apr. 22, 2008), this case is more akin to those where "separating the state law claims from the federal claims would [lead] to the unnecessary litigation of the same, essential controversy in two different forums" and "the state law issues [are] not novel, and . . . judicial economy would be best served by exercising its supplemental jurisdiction in order to resolve all issues in one case." *Id.* at *3 (discussing *Stewart v. W. Va. Employers' Mut. Ins. Co.,* 2007 WL 4300595 (S.D. W. Va. Dec. 5, 2007).

In *Stewart*, plaintiff filed a two-count complaint alleging: (1) breach of contract; and (2) a violation of the federal ERISA statute. Defendants removed it to federal court. *Id.* at *1. While

8

plaintiff did not dispute the Federal Court's original jurisdiction over the ERISA claim, she sought to remand the breach of contract claim back to state court. *Id.* at *2. The Court denied plaintiff's request and retained jurisdiction over the entire complaint on the grounds that plaintiff's ERISA and breach of contract claims "arise out of the same core of common facts[,]" and (like here) none of the four factors of 28 U.S.C. § 1367(c) were satisfied. *Id.* at *2-*3. The *Stewart* Court further explained that, even if one or more of the Section 1367(c) factors *had been* present, the "settled notions of judicial economy" required the Court to retain jurisdiction over the breach of contract claim because it was so "intertwined" with the ERISA claim that a remand "would result in two separate tribunals rendering judgments on the same controversy." *Id.* at *2.

Even if this Court had discretion not to exercise supplemental jurisdiction, given the history of this action and based on the precedent in *Stewart*, judicial economy weighs heavily in favor of the Third-Party Complaint remaining with this Court. "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, (1988)). "The doctrine of supplemental jurisdiction 'thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" *Id*. (quoting *Cohill*, 484 U.S. at 350).

In *Stewart*, the Court identified the threat to judicial economy that would result if this Court failed to exercise jurisdiction over the Third-Party Complaint−a separate court would have to render a separate judgment on the *Federal* FCA allegations that are pending before this Court in order to determine Third-Party Defendants' liability. Following years of this Court becoming familiar with the parties and facts in this case and considering the issues intertwined with the

9

underlying *qui tam* lawsuit, the Third-Party Complaint should remain before this Court based on the strong judicial economy implications that are inherent to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

## IV. <u>CONCLUSION</u>

For all the reasons set forth above, the facts underlying the Third-Party Complaint and the Amended Complaint and the inextricable connection between the Third-Party Complaint and the FCA require this Court to retain jurisdiction over the Third-Party Complaint under both the federal-question doctrine of 28 U.S.C. § 1331 and this Court's authority to exercise supplemental jurisdiction under 28 U.S.C. § 1367. *Stewart* further requires this Court to exercise supplemental jurisdiction over the Third-Party Complaint because: (1) it is required under 28 U.S.C. § 1367; and (2) it promotes judicial economy.

Dated: August 16, 2024                    Respectfully Submitted,

/s/ Michael E. Blumenfeld

Michael E. Blumenfeld (Bar No. 25062)
Emmit F. Kellar (Bar No. 20734)
Michael J. Bittman (*Admitted Pro Hac Vice*)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Tel: 443-392-9402
Fax: 443-392-9499
michael.blumenfeld@nelsonmullins.com
emmit.kellar@nelsonmullins.com
mike.bittman@nelsonmullins.com

*Attorneys for Defendants/Third-Party Plaintiffs, Matthew Blair and Blair Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August 2024, a copy of the foregoing was served electronically to all counsel of record through the Court's ECF system.

/s/ Michael E. Blumenfeld
Michael E. Blumenfeld