IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TIMOTHY SCHNUPP, | )<br>)<br>) |
| Relator/Plaintiffs, | )<br>) |
| v. | )<br>) |
| BLAIR PHARMACY, INC., *et al.*, | )    Civil Action No. 1:17-cv-02335-ELH<br>) |
| Defendants/<br>Third-Party Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| BAHRAM ALAVI, *et al.*, | )<br>) |
| Third-Party Defendants. | )<br>) |

**THIRD-PARTY DEFENDANTS' MEMORANDUM IN RESPONSE TO THE COURT'S JULY 24, 2024, ORDER**

Third-Party Defendants, Bahram Alavi ("Alavi") and Atlas Medical Solutions, LLC, f/k/a Atlas Group, LLC ("Atlas") submit this Memorandum in Response to the Court's July 24, 2024, Order, directing "counsel to submit memoranda addressing the threshold question of the Court's jurisdiction as to the [Third-Party] Complaint." ECF 150 ("Order").

**I. INTRODUCTION**

As set forth below, and as posited in the Court's Order, this Court lacks subject matter jurisdiction over the claims in the First Amended Third-Party Complaint ("T.P. Complaint"), which compels its dismissal with prejudice. There is no federal question presented in the T.P. Complaint's claims and, in any event, there is no claim or controversy presented that is ripe for disposition at this juncture; there is not yet—and may never be—any civil liability against Alavi

and Atlas for which indemnification and/or contribution can be sought. These shortcomings, collectively and individually, compel dismissal of the T.P. Complaint.

## II.      RELEVANT BACKGROUND

The instant third-party action brought by Defendants/Third-Party Plaintiffs Blair Pharmacy, Inc. ("BPI" or "Blair Pharmacy"), and its principal, Matthew Blair (collectively, "Blair") against Third-Party Defendants, Alavi and Atlas, arises from the T.P. Complaint (ECF 127). The T.P. Complaint contains three counts: "Common Law Indemnification" (Count I); "Common Law Contribution" (Count II), and "Contractual Indemnification Via the Distributor Agreement" (Count III). ECF 127 ¶¶ 36–40, 41–45, 46–49.

Relevant here, the T.P. Complaint alleges, in conclusory fashion, that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 because it invokes questions arising under federal law, namely the FCA" and, alternatively, that "[t]his Court also has supplemental jurisdiction over the claims in this First Amended Third-Party Complaint under 28 U.S.C. 1367." ECF 127 ¶ 9. As demonstrated amply below, Blair is wrong.

## III.     DISCUSSION

### A.      The Lack of a Federal Question Divests This Court of Jurisdiction.

This Court is compelled to dismiss the T.P. Complaint because the T.P. Complaint is not based upon a federal question and, therefore, the Court lacks subject matter jurisdiction over this third-party action.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, this Court "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v.*

*Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "It is to be presumed that a cause [of action] lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"  *Kokkonen*, 511 U.S. at 377 (internal citations omitted).  To determine whether a cause of action raises a federal question for purposes of jurisdiction, Courts will "look only to the necessary elements" of that cause of action.  *Burrell v. Bayer Corp.*, 918 F.3d 372, 382 (4th Cir. 2019).

      Here, Third-Party Plaintiffs fail to meet their burden of establishing this Court's jurisdiction over their claims.  Blair asserts three claims under three counts, all of which (whether based upon common law or breach of contract) arise under state law.  Conspicuously, the T.P. Complaint makes a thinly-veiled claim of federal subject matter jurisdiction by simply stating: "This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 because it invokes questions arising under federal law, namely the FCA."  ECF 127 ¶ 9.

      It is clear, however, that Blair attempts to assert federal question jurisdiction by merely referencing a federal statute—the FCA—in tandem with the naked suggestion that the action "invokes questions arising under" it.  In essence, Blair creates a broad standard ("invokes questions arising under federal law"), then makes reference to a federal law (*i.e.*, "FCA") in an attempt to reframe the subject matter jurisdiction standard for his benefit.  Conspicuous is the absence of any attempt to link the underlying allegations to a federal question under federal law.  The proper analysis, however, centers around whether a *cause of action* (*i.e.*, Blair's claims against Alavi) arises under federal law, the analysis of which requires Courts to interpret federal statutes.  *See* 28 U.S.C. § 1331; *e.g.*, *Brown v. Mass Transit Admin.*, No. CIV.A. ELH-12-3705, 2013 WL 1428527 (D. Md. Apr. 8, 2013) (Hollander, J.).  Distilled to their core, Blair's claims

3

against Alavi and Atlas arise under state law without any requirement or need for this Court to interpret a federal law (even the FCA) to resolve the claims asserted in Blair's T.P. Complaint.

Blair's indemnification and contribution causes of action rely upon state law. Maryland courts have applied state law when interpreting indemnification claims. *See, e.g.*, *Key Gov't Fin., Inc. v. E3 Enterprises Inc.*, 2 F. Supp. 3d 741 (D. Md. 2014) (interpreting indemnification provision in accordance with state law).[1] As particularly relevant here, indemnification under Maryland case law requires "an indemnitor, by express contract, [to] agree[] to reimburse the indemnitee for a liability, loss, or damage that the indemnitee may occur that is within the scope of the indemnity." *Pulte Home Corp. v. Parex*, 942 A.2d 722, 730 (Md. 2008). This is precisely what Blair claims Alavi and Atlas have done. *See* ECF 127 ¶ 21 (citing language of indemnification provision in Distributor Agreement). Moreover, Maryland law provides that, for a party to have a right of contribution, two prerequisites must be satisfied: (1) the parties must share a common liability or burden, and (2) the party seeking contribution must have paid, under legal compulsion, more than that party's fair share of the common obligation. *Selective Way Ins. Co. v. Fireman's Fund Ins. Co.*, 289 A.3d 719, 739 (Md. App. 2023).

Based on the necessary elements of Blair's claims, it is without doubt that Blair's state law indemnification and contribution claims can be addressed in state court notwithstanding the etiology (an expected FCA judgment) of the anticipated debt for which indemnification and contribution claims are sought, and notwithstanding (as addressed in Alavi and Atlas'

---

[1] As briefed by Alavi and Atlas (*see* ECF 131-1), the Settlement Agreement entered into by the Parties bars any claims now brought by Blair against Alavi and Atlas in connection with the Distributor Agreement. Both the Settlement Agreement and Distributor Agreement selected the State of Maryland for the choice of law provision, further supporting the fact that Blair's claims in connection to the Distributor Agreement are rooted in state law. *See* ECF 108-1 at 8; ECF 131-2 at 5.

Memorandum of Law in Support of the Motion to Dismiss (ECF 131-1)), the FCA provides neither a third-party right to indemnification nor contribution.

Blair's claims are based *only* on an alleged right to indemnification and/or contribution.[2] Assuming, *arguendo*, that the anticipated liability for which Blair prophylactically seeks indemnification and/or contribution could potentially arise from Blair's—not Alavi or Atlas'—FCA violation is of no moment. Blair's conclusory assertion that his claims against Alavi and Atlas "invoke[] questions arising under federal law" is a naked jurisdictional allegation untethered to law or fact. Standing alone, it fails wholly to meet a minimum threshold of establishing this Court's subject matter jurisdiction over the matter. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action is not enough to confer jurisdiction") (internal quotations omitted).

Because the T.P. Complaint fails to raise a federal question, the Court should dismiss all of Blair's claims for lack of subject matter jurisdiction. Moreover, while Blair also tries to assert supplemental jurisdiction in the T.P. Complaint, because Blair's claims against Alavi and Atlas are, as indicated by the T.P. Complaint, based on the Distributor Agreement (*see* ECF 127 ¶¶ 34–35)—a contract to which Relator Timothy Schnupp is not a party—Blair's claims are *not* "claims that are so related to [the] claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).[3]

---

[2] We further address the deficiencies with Blair's common law claims for indemnification and contribution in the Memorandum of Law in Support of the Motion to Dismiss (ECF 131-1) at 10–14, but nevertheless, any of Blair's claims fall squarely under state law.

[3] Even if this Court believes such claims "are so related" to Relator Schnupp's claims under the FCA against Blair, this Court should still decline jurisdiction pursuant to Section 1367(c)(4) as these claims are purely based on state law and the interpretation of both the Distributor Agreement (ECF 108-1) and the Settlement Agreement (ECF 131-2) between the Parties. In fact, any such indemnification or contribution would only arise under the Distributor Agreement and not the FCA—the bases for this Court's jurisdiction over Schnupp's claim against Blair.

### B. Alternatively, The Lack Of A Ripe Case or Controversy Divests This Court Of Jurisdiction.

The temporal posture of Blair's action also divests this Court of subject matter jurisdiction. Notwithstanding the fact that the T.P. Complaint's claims do not invoke a federal question and should not support supplemental jurisdiction, subject matter jurisdiction is also lacking as Blair's claims are not yet "ripe."

"Ripeness addresses the appropriate timing of judicial intervention." *Standage v. Braithwaite*, 526 F. Supp. 3d 56, 92 (D. Md. 2021) (internal citations omitted). "A claim is not ripe for judicial review if it rests on contingent future events that may not occur as anticipated, or indeed, may not occur at all." *Id.* (internal quotations omitted). Stated simply, Blair's claims for indemnification and contribution are predicated on a speculative liability based upon a judgment, which does not yet, and may never, exist. While Blair may anticipate incurring financial liability under the FCA, to date, no civil FCA penalty has yet been imposed upon the Defendants/Third-Party Plaintiffs. Thus, there does not yet—and conceivably may never—exist a judgment and/or civil liability against which a claim of indemnification or contribution can be made. It would be premature for this Court to decide on Alavi and Atlas' theoretical obligation to indemnify Blair and Blair Pharmacy for liability that has not occurred.[4] In other words, Blair attempts to put the proverbial "cart before the horse." The lack of a case or controversy divests this Court of subject matter jurisdiction over this matter and compels dismissal.

---

[4] As outlined in Alavi and Atlas' Memorandum of Law in Support of the Motion to Dismiss (ECF 131-1) and Reply (ECF 143), even if subject matter jurisdiction is found, and this Court believes Blair's claims are ripe for review, as discussed in *Mortgages, Inc. v. U.S. Dist. Ct. for the Dist. Of Nev. (Las Vegas)*, 934 F.2d 209 (9th Cir. 1991), notably, the FCA "does not speak to the right of indemnification or contribution" and nothing "in the legislative history of the FCA . . . mentions contribution or indemnification," *id.* at 213. In other words, assuming Blair's claims could satisfy this Court's subject matter jurisdiction, the claims seek to offset Blair's FCA liability and should not be permitted under the FCA or prevailing law. *See* ECF 131-1 at 16–24.

## IV. CONCLUSION

As demonstrated above, the Court's Order raises well-founded questions regarding the apparent lack of its subject matter jurisdiction over the action. In essence, the question of whether this Court lacks subject matter jurisdiction over an action, which presents neither a federal question nor a current case or controversy, answers itself. This Court lacks subject matter jurisdiction over this action. Accordingly, the T.P. Complaint should be dismissed with prejudice.

Dated: August 16, 2024                                                           Respectfully Submitted,

*/s/ Robert T. Rhoad*
Robert T. Rhoad (D. Md # 25392)
Nichols Liu LLP
655 15th Street, NW, Suite 425
Washington, DC 20005
Phone: 202-846-9800
Fax: 202-379-9150
rrhoad@nicholsliu.com

*Counsel for Third-Party Defendants Bahram Alavi and Atlas Medical Solutions, LLC*